UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| KATHY HIGDON, | Case No. 1:15-cv-458 |
| Plaintiff, | Dlott, J. |
| | Litkovitz, M.J. |
| vs. | |
| COMMISSIONER OF | REPORT AND |
| SOCIAL SECURITY, | RECOMMENDATION |
| Defendant. | |

This matter is before the Court on the motion of plaintiff's counsel for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1) (Doc. 20) and the Commissioner's response in opposition (Doc. 23).

On February 23, 2016, the Court granted the parties' joint motion to remand this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 16). On remand, the Commissioner determined that plaintiff was disabled. (*See* Supplemental Security Income ("SSI") Notice of Award, Doc. 20-3 at 5; Disability Insurance Benefits ("DIB") Notice of Award, Doc. 20-4 at 1). The Commissioner determined that plaintiff was entitled to receive SSI payments beginning in October 2011 and DIB payments beginning in June 2012. (Doc. 20-3 at 6; Doc. 20-4 at 1). The Commissioner determined that plaintiff was due $42,230.00 in SSI back payments and $13,778.00 in DIB back payments. (Doc. 20-3 at 6; Doc. 20-4 at 2). Plaintiff's DIB award stated: "We may have to reduce these benefits if you received Supplemental Security Income (SSI) for this period." (Doc. 20-4 at 1).

Upon joint stipulation of the parties, the Court awarded plaintiff $2,300.00 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 19). Plaintiff's counsel represents that she received $3,444.50 for work performed at the

administrative level. (Doc. 20 at 2). Plaintiff's counsel now seeks an award of $10,150.00 for 14.50 hours of work performed before the Court. (*See id.* at 1-3; Doc. 20-2).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746. Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418,

2

422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "[A] hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes,* 923 F.2d at 422.

Plaintiff's counsel argues that under her contingency contract with plaintiff, she is entitled to $14,002.00 in attorney's fees, which represents 25% of the sum of the two benefits awards (i.e., $42,230.00 + $13,778.00). (Doc. 20 at 2). Plaintiff's counsel states that she received $3,353.50 for work at the administrative level (i.e., the $3,444.50 awarded less a $91.00 service charge). (*Id.*). Subtracting $3,353.50 from $14,002.00, plaintiff's counsel contends that she is entitled under the contingency contract to $10,648.50 for work performed before the Court. (*Id.* at 3). However, plaintiff's counsel asserts that she is seeking only $10,150.00 for work performed before the Court to avoid a windfall. (*Id.* at 3-4). Plaintiff's counsel states that

3

if she is awarded fees under § 406(b) she will remit to plaintiff the $2,300.00 previously awarded under the EAJA. (*Id.* at 4).

The Commissioner responds that plaintiff's counsel was awarded $6,000.00 in fees for work performed at the administrative level, of which $3,444.50 has already been paid from the 25% withheld for attorney's fees from plaintiff's DIB award. (Doc. 23 at 2-3). The Commissioner indicates that the remaining $2,555.50 owed to counsel for her work at the administrative level will be paid from plaintiff's past-due SSI benefits and "is in the process of being effectuated." (*Id.*). The Commissioner argues that plaintiff's counsel is not entitled to 25% of the sum of the SSI and DIB awards because that calculation does not account for the "windfall offset provision" under which the amount of a beneficiary's SSI payment is reduced by the amount of the beneficiary's DIB payment (excluding the first $20.00 paid each month). (*Id.* at 3). After applying the windfall offset provision, plaintiff's total net award will be $43,230.00, of which $10,807.50 would be withheld for attorney's fees. (*See id.* at 3-5 and n.7). However, the Commissioner asserts that "it is likely that Plaintiff will . . . ultimately be determined to be entitled to more than $43,230.00" because the net attorney fee that plaintiff incurred in obtaining her DIB award is considered an expense of obtaining that income and would not be included in the windfall offset provision calculation. (*Id.* at 4). The Commissioner asserts that the relevant calculations cannot be completed until the amount of the attorney fee is known. (*Id.* at 5). Thus, the Commissioner contends that if the Court awards a fee in excess of $4,807.50 (i.e., $10,807.50 less the $6,000.00 awarded at the administrative level), "it should order counsel to contact her client and/or the Commissioner's Office of the General Counsel upon receiving payment of the fee to ensure that she has not inadvertently obtained more than 25% of the past-due benefits." (*Id.*). Finally, the Commissioner argues that awarding plaintiff's counsel the full fee she requests

4

would constitute a windfall as it would result in an effective hourly rate of $700.00 for work performed before the Court. (*See id.* at 5-11).

The windfall offset provision in 42 U.S.C. § 1320a-6 "mandates that when a claimant is awarded benefits under either [Title II or Title XVI] and later receives a retroactive award of benefits under the other, the retroactive award will be reduced by the amount received under the other title." *Guadamuz v. Bowen*, 859 F.2d 762, 764 (9th Cir. 1988). The Sixth Circuit has held that district courts are to calculate an attorney fee award under § 406(b) using the total net award of benefits after the Commissioner has reduced the gross award of benefits by the amount of the windfall offset. *See Baker v. Bowen*, 839 F.2d 1197, 1199-1201 (6th Cir. 1988). *See also Detson v. Schweiker*, 788 F.2d 372, 376 (6th Cir. 1986) ("[T]he amount of past-due benefits available for calculation of the attorney's fees withholding amount under § 406(b)(1) is the total retroactive benefits reduced by the SSI windfall offset: the net amount of past-due benefits.").

Here, the Commissioner has preliminarily calculated the net award of past-due benefits as $43,230.00 after implementing the windfall offset provision.[1] (*See* Doc. 23 at 3-4). Thus, the maximum award to which plaintiff's counsel may be entitled is $10,807.50, which represents 25% of $43,230.00. Dividing the $10,807.50 maximum award less the $6,000.00 awarded for work at the administrative level—$4,807.50—by the 14.5 hours counsel worked on this case

---

[1] This calculation is only preliminary because the Commissioner indicates that the amount awarded for attorney's fees will not be included in the offset amount. (Doc. 23 at 4-5). The Commissioner states that the final offset amount and, thus, the final net amount of benefits cannot be calculated until this Court determines the amount of the attorney fee award. (*See id.*). However, this Court is required to determine the amount of attorney's fees based on the net amount of past-due benefits. *See Baker*, 839 F.2d at 1199-1201; *Detson*, 788 F.2d at 376. Therefore, the Court must know the net amount of past-due benefits in order to calculate the attorney fee award. In other words, this appears to be a classic chicken-and-egg problem in which the amount of attorney fees must be known before the amount of the net award can be calculated but the amount of the net award must be known before the amount of attorney fees can be calculated. To avoid this problem, the Commissioner has proposed $43,230.00 as the amount the Court should use in calculating the attorney fee award. (*See* Doc. 23 at 3-5). Because plaintiff's counsel has not filed a reply memorandum challenging this proposal or the Commissioner's methodology in calculating the net amount of past-due benefits, the Court will proceed with its attorney fee analysis using $43,230.00 as the net amount of past-due benefits.

5

before the Court produces an effective hourly rate of $331.55.[2] In determining whether counsel "would enjoy a windfall because of either an inordinately large benefit or from minimal effort expended," *Hayes*, 923 F.2d at 422 (quoting *Rodriquez*, 865 F.2d at 746), the Court notes that "a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market." *Id.* As the Sixth Circuit explained in *Hayes*:

> [A] multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts. Without a multiplier, a strict hourly rate limitation would insure that social security attorneys would not, averaged over many cases, be compensated adequately.
>
> . . . .
>
> A calculation of a hypothetical hourly rate that is twice the standard rate is a starting point for conducting the *Rodriquez* analysis. It provides a floor, below which a district court has no basis for questioning, under the second part of *Rodriquez*'s windfall rule for "minimal effort expended," the reasonableness of the fee.

*Id.*

The *Hayes* "floor" in this case is $4,600.00, which represents 14.5 hours times an hourly rate of approximately $158.62 multiplied by 2.[3] The effective hourly rate of $331.55 is only slightly more than 2 times counsel's typical hourly rate of $158.62. Plaintiff's counsel attests that an even greater fee would be reasonable given the result she achieved for plaintiff, the contingent nature of her practice, and her 14 years of experience as an attorney. (*See* Affidavit

---

[2] In making this calculation, the Court accepts the Commissioner's representation that in addition to the $3,444.50 she has already received, plaintiff's counsel will receive another $2,555.50 for her work at the administrative level. (*See* Doc. 23 at 2-3).

[3] Plaintiff's counsel does not provide her hourly rate for non-contingency fee cases. In such circumstances, the Court will ordinarily adopt the hourly rate approved by the Court in connection with a fee petition under the EAJA. *See, e.g., Edwards v. Comm'r of Soc. Sec.*, No. 1:08-cv-815, 2011 WL 1002186, at *1 (S.D. Ohio Mar. 16, 2011). In granting plaintiff's EAJA petition here, the Court awarded $2,300.00 for counsel's 14.5 hours of work, which constitutes an hourly rate of $158.62. (*See* Doc. 19).

of Lisa Hollifield, Doc. 20-1). Further, the Commissioner concedes that a fee award resulting in an effective hourly rate of less than $400.00 is presumptively reasonable. (*See* Doc. 23 at 11).

In view of the foregoing, and having reviewed the fee amount of $4,807.50 in light of the remaining criteria set forth in *Gisbrecht* and *Rodriquez*, the undersigned finds that a fee award of $4,807.50 is reasonable for the work plaintiff's counsel performed in this Court.

It is therefore **RECOMMENDED** that plaintiff's counsel's motion for attorney fees (Doc. 20) be **GRANTED IN PART** and that counsel be **AWARDED** $4,807.50 in attorney's fees under § 406(b). Because counsel has already received an EAJA award of $2,300.00, which otherwise would be remitted by counsel to plaintiff since a greater fee under § 406(b) is being awarded for duplicate work in this Court, it is further **RECOMMENDED** that counsel be **AWARDED** a total of **$2,507.50** ($4,807.50 - $2,300.00) out of plaintiff's award of past-due benefits. Such an award will expedite the time in which plaintiff and her counsel will both receive the full awards due to them, by avoiding the need for counsel to remit the EAJA fee to her client.

**IT IS SO RECOMMENDED.**

Date: 4/25/17

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

KATHY HIGDON,
    Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,
    Defendant.

Case No. 1:15-cv-458
Dlott, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).